FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

JAN 2 6 2007
*10:00 a.m.*

Stephan Harris, Clerk
Cheyenne

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 06-M-167-B |
| | ) | |
| JEFFREY ROBINSON, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER REVERSING DECISION OF MAGISTRATE JUDGE

The United States appeals from an order by the United States Magistrate Judge suppressing all evidence obtained during a traffic stop in Grand Teton National Park. A hearing on the appeal was held on January 17, 2007. The Defendant was represented by Christopher S. Leigh and the United States was represented by Jason M. Conder. Upon reading the briefs, hearing oral argument, reviewing the file and being fully advised, the Court **FINDS** and **ORDERS** as follows:

### I.   BACKGROUND

Magistrate Judge James Lubing conducted an evidentiary hearing on Defendant's motion to suppress on August 6, 2006. At the hearing, Park Ranger Kevin Murdock testified that he was on patrol in Grand Teton National Park on November 1, 2005. While the Ranger

was traveling northbound on Highway 89, he observed a pickup truck headed southbound. (Tr. 8, 11.) Ranger Murdock testified that it was dark and the truck's bright lights were illuminated, along with two "off road" auxiliary lights mounted on the truck's grille. (Tr. 11.) The Ranger stated that the lights were "really bright" and the driver failed to turn off the auxiliary lights and dim his headlights until approximately 75 yards (225 feet) before he approached the Ranger's vehicle. (Tr. at 11, 41.) Ranger Murdock further testified that the furthest distance the driver could have dimmed his lights was 100 yards (300 feet), and the closest was 50 yards (150 feet). (Tr. 50.)

Ranger Murdock turned his vehicle around and initiated a traffic stop. (Tr. 9, 11.) The Ranger testified that he stopped the truck to remind the driver to turn his lights off at a proper distance and to be more courteous to other drivers. (Tr. 12.) When the Ranger approached the driver, the driver appeared agitated and his eyes were red and bloodshot. (Tr. 12.) Ranger Murdock asked whether there were any weapons in the truck, and the driver responded that he was not sure. The Ranger asked the driver to step out of the truck, and asked where the gun was located. The driver answered that it was behind the driver's seat. (Tr. 13.)

2

Ranger Murdock opened the rear door of the passenger compartment and saw a gun laying in a holster. It was a .41 magnum revolver in a leather holster on a belt laying behind the driver's seat. Next to it was a bottle of "Hot Damn" liquor. (Tr. 13, 15.) The Ranger retrieved the weapon to make it safe. The weapon was loaded and the Ranger took the gun to his vehicle and unloaded it. (Tr. 13.) The Ranger asked the driver if he had been drinking alcohol, and the driver answered that he had a couple of drinks. (Tr. at 14.) The Ranger asked the driver to perform field sobriety tests, and the driver passed satisfactorily. (Tr. at 15.)

Ranger Murdock issued the driver, the Defendant Jeffrey Robinson, a violation notice for illegal transport of a loaded weapon and a violation notice for illegal transport of an open container.

The Defendant testified at the suppression hearing that he turned his auxiliary lights off, and dimmed his headlights, approximately 175 to 200 yards (525 to 600 feet) away from the Ranger's vehicle. (Tr. 57, 73.) On cross examination, the Defendant testified that he could have turned the auxiliary lights off 150 yards (450 feet) from the Ranger's vehicle. (Tr. 73-74.)

3

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Criminal Procedure 58(g)(2)(A), the Defendant may appeal the Magistrate Judge's interlocutory order to a District Judge. The scope of the appeal is the same as in an appeal to the Court of Appeals from a judgment entered by a District Judge. Fed. R. Crim. P. 58(g)(2)(D). Where the issue presented on appeal is purely a question of law, the District Judge reviews the Magistrate Judge's decision de novo:

> When reviewing a district court's denial of a motion to suppress, this court accepts the district court's factual findings unless they are clearly erroneous, viewing the evidence in the light most favorable to the government. However, the ultimate determination of reasonableness under the Fourth Amendment is a question of law and is reviewed de novo under the totality of the circumstances.

United States v. Basham, 268 F.3d 1199, 1203 (10th Cir. 2001).

The credibility of the witnesses and the weight given to the evidence, as well as the inferences and conclusions drawn therefrom, are matters for the Magistrate Judge. The District Judge, however, reviews de novo the ultimate determination of the reasonableness of the stop under the Fourth Amendment. United States v. Vercher, 358 F.3d 1257, 1261 (10th Cir. 2004).

## III. ANALYSIS

The United States asks this Court to find that the Magistrate

4

Judge improperly granted the Defendant's motion to suppress.   The
United States maintains that because the Ranger had reasonable
suspicion that a traffic violation had occurred when he stopped the
Defendant, the suppression of all the evidence obtained from the
stop was erroneous.

The Magistrate Judge concluded that the Defendant's motion to
suppress should be granted because the Defendant made an attempt to
comply with the law by turning off his bright lights and his
auxiliary lights:

> ... I just think it is too tenuous because he did shut
> them down.   If it was 300 feet, 400 feet, whatever, he
> obviously made an attempt to comply with the law, and so
> I don't think, on balance, it was reasonable to stop him.

(Tr. 105.)

This Court finds that the Magistrate Judge applied an
inaccurate standard to determine whether the Ranger's initial
traffic stop of the Defendant was reasonable.   The Court further
finds that applying the appropriate standard, Ranger Murdock made
a proper traffic stop.

The reasonableness of a stop is judged under the principles of
Terry v. Ohio, 392 U.S. 1 (1968).   United States v. West, 219 F.3d
1171, 1176 (10th Cir. 2000).   In determining the reasonableness of
a stop, the Court inquires whether the officer's action was

5

justified at its inception, and whether it was reasonably related in scope to the circumstances which justified the interference in the first place.  Terry, 392 U.S. at 20.  The only issue in this case is whether Ranger Murdock's stop was justified at its inception.

An officer's action is justified at its inception when "the officer has either (1) probable cause to believe a traffic violation has occurred, or (2) a reasonable articulable suspicion that this particular motorist violated any one of the multitude of applicable traffic and equipment regulations of the jurisdiction." United States v. Ozbirn, 189 F.3d 1194, 1197 (10th Cir. 1999) (internal quotation marks and citation omitted).

Ranger Murdock testified that he stopped the Defendant to warn him to properly dim his headlights.  Wyoming Statute § 31-5-924(i) requires drivers to dim their headlights within 500 feet of on oncoming vehicle:

Whenever a driver of a vehicle approaches an oncoming vehicle, the driver shall, before coming within five hundred (500) feet of the oncoming vehicle use a distribution of light, or composite beam, so aimed that the glaring rays are not projected into the eyes of the oncoming driver. The lowermost distribution of light or composite beam, shall be aimed to avoid glare at all times, regardless of road contour and loading....

Wyo. Stat. § 31-5-924(i).[1]

The Magistrate Judge found that because the Defendant tried to dim his lights within the required 500 feet, it was unreasonable to stop him.   The traffic stop, however, is valid under the Fourth Amendment if the Ranger had reasonable suspicion that the Defendant failed to dim his lights within 500 feet of the Ranger's vehicle. The Defendant testified that he turned off his auxiliary lights no further than 150 yards (450 feet)from Ranger Murdock and that he dimmed his headlights approximately 175 to 200 yards (525-600 feet) away.   The Ranger testified that the furthest distance the driver could have dimmed his lights was 100 yards (300 feet), and the closest was 50 yards (150 feet).   Under either version, it was reasonable for Ranger Murdock to believe that the Defendant had not dimmed his lights within 500 feet of the Ranger's vehicle.

Reasonable suspicion requires that an officer provide some minimal level of objective justification for his suspicion. United States v. Vercher, 358 F.3d at 1261. Ranger Murdock justified his stop by his observation that the Defendant did not dim his bright lights until "he was fairly close" to the Ranger's vehicle, by the

---

[1]36 C.F.R. § 4.2 provides that traffic and the use of vehicles within the park are governed by State law.

7

Ranger's observation that the Defendant dimmed his lights between 150 to 300 feet from the Ranger's vehicle, and by the Ranger's observation that the Defendant's lights were "really bright." Accepting the Defendant's testimony that he dimmed his lights approximately 175 to 200 yards (525 to 600 feet) away from the Ranger's vehicle, there is sufficient evidence from both the Ranger and the Defendant's testimony to show that the Ranger had a minimal level of objective justification that the Defendant did not dim his lights within 500 feet. As explained in Vercher:

> ...reasonable suspicion may be supported by an "objectively reasonable" good faith belief even if premised on factual error. See United States v. Walraven, 892 F.2d 972, 974-75 (10th Cir.1989) (quotation omitted). Finally, reasonable suspicion may rely on information less reliable than that required to show probable cause, Alabama v. White, 496 U.S. 325, 330, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990), and it need not be correct. See United States v. Callarman, 273 F.3d 1284, 1287 (10th Cir.2001) (upholding a traffic stop based on a reasonable articulable suspicion that a cracked windshield substantially obstructed the driver's view-the standard required by statute-regardless of whether or not the crack actually constituted a violation of the law); United States v. Allegree, 175 F.3d 648, 650 (8th Cir.1999) (upholding a traffic stop based on the mistaken, yet reasonable, belief that defendant had illegal headlights).

Vercher, 358 F.3d at 1261.

The Court agrees with the United States that to satisfy the reasonableness requirement of the Fourth Amendment, the Ranger did

8

not have to be correct in his assessment that a traffic violation occurred. Rather, his assessment must be reasonable. <u>Illinois v. Rodriguez</u>, 497 U.S. 177, 185 (1990). The facts presented at the suppression hearing clearly show that Ranger Murdock had a reasonable belief that a traffic violation had occurred. The Defendant's motion to suppress should consequently have been denied.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Magistrate Judge's August 10, 2006 order granting the Defendant's motion to suppress all evidence as the result of an illegal stop is **REVERSED** and the case is remanded for further consideration.

Dated this __25th__ day of January, 2007.

Larence U. Brummer

UNITED STATES DISTRICT JUDGE

9